The Honorable W.D. Moore Jr. State Senator 1112 Green Street El Dorado, Arkansas 71730
Dear Senator Moore:
This is in response to your request for an opinion on whether the Emerson Fire Protection District of Columbia County is entitled to a share of revenues derived from additional insurance premium taxes assessed by Act 833 of 1991. You note that the District is outside the city limits of Emerson, was formed by voters, has officers and collects dues from members. You also note, however, that the District does not own a truck or other equipment and contracts with the City of Emerson for fire protection. Your question arises because the members of the County's Intergovernmental Cooperation Council are unsure whether the Emerson Fire Protection District is entitled to a share of the revenues arising under Act 833 of 1993.
It is my opinion that this is a factual question which cannot be answered in an official Attorney General's opinion. Although you have noted some of the characteristics of the Emerson District, I am unable to determine from the facts presented under what statute the District was formed. It is conceivable that it was created by voters under Act 35 of 1979 (A.C.A. 14-284-101 to -224 (1987)), although under this statutory scheme, "assessments" rather than "dues" would be collected. It is also conceivable, however, that the District was simply created as a nonprofit organization which charges "dues" to is members (see, e.g., A.C.A. 14-28-101 (Cum. Supp. 1991).
In any event, I can set out some of the relevant language of Act 833 of 1991 with regard to the distribution of these funds which may be of use to the Council in making its decision. Under the act, each county is given a percentage of the premium tax monies. See A.C.A. 14-284-403 (Cum. Supp. 1993). That same statute provides that the monies shall be apportioned by each quorum court to the districts and municipalities based upon population unless the County Intergovernmental Cooperation Council notifies the quorum court of the fire protection needs of the districts and municipalities in which case the moneys shall be apportioned by the quorum court based on those needs. The statute provides that the funds shall be distributed to municipalities and those "certified departments" in districts which are in compliance with A.C.A. 14-284-201 et seq. and 20-22-801 to -809. The act was amended in 1992 to provide that "fire departments which are not certified by the Office of Fire Protection Services pursuant to 20-22-801 to -809 shall also be eligible to receive moneys disbursed under this section so long as all moneys received are spent directly on equipment, training, capital improvements, or other expenditures necessary for upgrading the service provided by the department.
Additionally, section 14-284-405 addresses the distribution of these funds to "rural volunteer fire departments and districts." Again, as I am uncertain as to the exact nature of the Emerson District, I will set out the provisions applicable to rural volunteer fire districts. This statute provides that no such funds shall be distributed unless the quorum court and board of commissioners of the district designate the current county fire service coordinator or designate a county fire service coordinator who shall be responsible for seeing that standard guidelines established under 20-22-801 et seq. are followed. In addition, the quorum court must submit a written proposal requesting the funds, and must comply with certain other reporting requirements.
Thus, the exact nature of the Emerson Fire Protection District and its status with respect to certification is important in determining whether it is entitled to a distribution of funds. You have indicated that the Emerson City Fire Department currently maintain a class 9 rating in the Emerson Fire Protection District. While this might be important in determining the Emerson City Fire Department's eligibility for a distribution of funds, it is not relevant in my opinion in determining the Emerson Fire Protection District's certification status. Even if the Emerson District is not certified, however, it might be eligible under the statute for funds which could be expended only on equipment, training, capital improvements and other expenditures necessary for upgrading the services provided.
In my opinion this requirement would not be met were the District simply to pay the funds received to the Emerson City Department on the contract.
In sum, the exact nature and certification status of the District will have to be determined in order to arrive at a conclusion with regard to its eligibility for a distribution of funds. This is a factual inquiry which this office is neither equipped nor empowered to answer.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh